IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYLON RAY COULTER, #10804686, PLAINTIFF, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:22-CV-1655-N-BK |
| MAJOR BEAMER, DEFENDANT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** as moot.

On July 29, 2022, Plaintiff Braylon Ray Coulter, a federal pretrial detainee at the Limestone County Jail, filed an amended complaint against Major Beamer for denial of access to electronic discovery (e-discovery) following his recent transfer from the Johnson County Jail to the Limestone County Jail. Doc. 3 at 1-2. Coulter, who is proceeding *pro se* in his criminal case pending in this Court, alleges that at the Johnson County Jail, he had access to e-discovery eight hours per week, but only had access "1 hour/1 day a week" at the Limestone County Jail. Doc. 3 at 1-2. Coulter requests that he be afforded "reasonable time to review electronic discovery." Doc. 3 at 3.

Coulter's subsequent transfer back to the Johnson County Jail, renders his claim for injunctive relief moot.[1]  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding prisoner's transfer renders moot claim for declaratory and injunctive relief).  Moreover, "any suggestion of relief based on the possibility of transfer back to" the Limestone County Jail "is too speculative to warrant relief." *Id*.  Consequently, this case should be **DISMISSED WITHOUT PREJUDICE** as moot.[2]

**SO RECOMMENDED** on August 11, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] The U.S. Marshal Service custody report confirms that Coulter was transferred back to the Johnson County Jail on August 3, 2022.

[2] Although Plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis*, it is more efficient to dismiss the complaint as moot than to require compliance with the Court's filing fee requirements.